# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM L. LEWIS
and PEDRO FLORES, SR.,

        Plaintiffs,

   -vs-                                       Case No. 13-CV-1210

KENOSHA VISITING NURSE ASSOCIATION,
MR. HANSCHE, MR. KEISHER,
MR. PARKER, MRS. REBBECCA,
DOES, sued as Kenosha County Detention Center
and Kenosha County Jail Supervisors,
UNKNOWN, sued as "any other medical nurse assistance
handling Health Service medical request forms,"
and MRS. BUTLER,

        Defendants.

## SCREENING ORDER

        The pro se plaintiffs, William L. Lewis, who was previously confined at the Kenosha County Detention Center but who now resides in Waukegan, Illinois, and Pedro Flores, Sr., who is confined at the Kenosha County Detention Center, filed a complaint under 42 U.S.C. § 1983, alleging that their civil rights were violated. This matter comes before the court on the plaintiffs' petitions to proceed *in forma pauperis*.

        Plaintiff Lewis lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Therefore, his *in forma pauperis* petition will be granted.

Plaintiff Flores has not submitted a trust account statement despite three requests for the statement from the Clerk's Office advising that he is required to submit the statement. Based on plaintiff Flores' failure to submit the six-month trust account statement or otherwise inform the Court as to why he has failed to do so, this Court infers that he no longer wishes to prosecute this action. *See* Civil L.R. 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days."). Therefore, plaintiff Flores will be dismissed.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

3

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Plaintiff Lewis alleges that he contracted scabies while confined at the Kenosha County Detention Center. He further alleges that Kenosha County Detention Center and Kenosha County Jail medical staff failed to provide correct medical attention for the condition and that they failed to prevent further outbreaks of scabies. The plaintiff seeks injunctive relief and monetary damages.

The plaintiff's allegations regarding scabies at the jail appear to raise a constitutional issue. *See Ciccone v. Sapp*, 238 F. App'x 487, 489 (11th Cir. 2007) ("scabies could be deemed objectively serious"); *Dusenbery v. United States*, 208 F. App'x 180, 182-83 (3d Cir. 2006) (defendant health care provider could be held liable for a violation of inmate's constitutional rights if he believed that the inmate had scabies and deliberately did

not treat the disorder).

However, the Kenosha Visiting Nurse Association is not a suable defendant under § 1983. If the plaintiff is claiming that his rights were violated pursuant to a policy or custom at the jail, he must name Kenosha County as a defendant and also identify the policy or custom. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978) (finding that, to prevail against a county, the plaintiff would have to demonstrate that he suffered a deprivation of his constitutional rights based on some official policy, widespread custom, or deliberate act of a county decision maker of the municipality or department).

Finally, the plaintiff should use discovery to identify the Doe and Unknown defendants.

**ORDER**

**IT IS THEREFORE ORDERED** that plaintiff Lewis's motion for leave to proceed *in forma pauperis* (Docket # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff Flores is **dismissed** from this action for failure to prosecute.

**IT IS FURTHER ORDERED** that defendant Kenosha Visiting Nurse Association is **dismissed**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the named defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service

to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that plaintiff Lewis shall pay the balance of the $350.00 balance of the filing fee to the Clerk of Court.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Kenosha County Sheriff.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable Rudolph T. Randa
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and

entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2014.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**